

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*   *United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts  02210*

June 28, 2004

Attorney Michael Jennings
73 Chestnut Street
Springfield, MA

Re:  United States v. KRISTI JARVIS
<u>Criminal No. 04-30031-MAP</u>

Dear Attorney Jennings:

    Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

A.   <u>Rule 16 Materials</u>

1.   <u>Statements of Defendant under Rule 16 (a)(1)(A)</u>

    a.   <u>Written Statements</u>

    Enclosed are the following relevant written statements made by the defendant Jarvis in the possession, custody or control of the government, the existence of which is known to the attorney for the government:

    1. Springfield Police Department <u>Miranda</u> Advice of Rights Form signed by defendant Jarvis on May 25, 2004 (one page)

    2. Springfield Police Department Arraignment Warning Form signed by defendant Jarvis on May 25, 2004 (one page)

    b.   <u>Consensual Recorded Statements</u>

    The government possess the following consensual interceptions:

    1. Two telephone conversations between defendant Jarvis

and the government's cooperating witness. The first telephone conversation occurred on May 24, and the second conversation occurred on May 25. Copies of the recordings are enclosed.

2. Audio and video recordings of the trip the defendant Jarvis made to Connecticut on May 25, 2004 with the government's cooperating witness, and the government's undercover agent. Please make arrangements with undersigned Assistant United States Attorney to review the recordings.

3. Two of defendant Jarvis's telephone calls, made from a Hampden County Correctional Facility, on or about May 27, 2004, were recorded by the sheriff's office. A copy of these recordings will be forwarded as soon as it is available.

 c. <u>Grand Jury Testimony of the Defendant</u>

The defendant Jarvis did not testify before a grand jury in relation to this case.

 d. <u>Oral Statements to Then Known Government Agents</u>

The following document is enclosed:

1. Defendant Jarvis's statement to Springfield Police Detectives Sean Condon and Detective Norman Shink on May 25, 2004 at approximately 6:55 pm (three pages).

2. <u>Defendant's Prior Record under Rule 16 (a)(1)(B)</u>

Enclosed is a copy of the defendant's criminal record.

3. <u>Documents and Tangible Objects under Rule 16(a)(1)(C)</u>

All books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.

4. <u>Reports of Examinations and Tests under Rule 16 (a)(1)(D)</u>

There presently are no reports of physical or mental examinations or scientific tests or experiments made in connection with this case.

B.   Search Materials under Local Rule 116.1(C)(1)(b)

No search warrants were obtained in connection with investigation of the charges contained in the indictment in this case.

C.   Electronic Surveillance under Local Rule 116.1(C)(1)(c)

No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

D.   Consensual Interceptions under Local Rule 116.1(C)(1)(d)

The government intends to offer as evidence in its case-in-chief the following tapes and video recordings:

> 1. Audio recording of phone call between defendant Jarvis and government's cooperating witness on May 24, 2004.
>
> 2. Audio recording of phone call between defendant Jarvis and government's cooperating witness on May 24, 2004.
>
> 3. Audio and video recording of the trip to Connecticut between defendant Jarvis, the cooperating witness, and the government agent.

The contents of these recordings are further detailed in the complaint affidavit provided to defendant Jarvis on May 28, 2004 (see paragraph #s 9, 11, and 12).

E.   Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)

There is no conspiracy count charged in the indictment.

F.   Identifications under Local Rule 116.1(C)(1)(f)

I have no information indicating that the defendant Jarvis was the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread, other than the government's cooperating witness providing a photograph of

defendant Jarvis and Matthew Moore (a copy of the photograph is enclosed), and confirming that the image in the photograph was the defendant.  In the event that I become aware that the law enforcement agents/officers used an identification procedure, I will advise you at that time and provide you with copies of any tangible evidence reflecting, used in or memorializing the identification procedure.

G.   Exculpatory Evidence Under Local Rule 116.2(B)(1)

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows.

1. The government is unaware of any information that would tend directly to negate the defendant's guilt concerning any count in the indictment.

2. The government is unaware of any information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude.

3. The following reward has been given to a witness whom the government anticipates calling in its case-in-chief.

   The Bureau of Alcohol, Tobacco, Firearms, and Explosives Special A provided $300.00 to the government's cooperating witness.  The government is unaware of any promise or inducement to any witness in this case.

4. The government is aware that the following named case-in-chief witnesses has a criminal record.

   Criminal history reports for the following individuals are enclosed:
   1. The government's cooperating witness
   2. Matthew Moore

5. The government is unaware that any of its named case-in-chief witnesses has any criminal cases pending, other than listed in above paragraph #4.

6. No identification procedure was used in this case.

4

      7.    Information that you may consider to be discoverable under Local Rule 116.2(B)(1)(a) or (b):

          A. Springfield Police Department Incident Report in which Jarvis alleged that her husband threw a milk jug at her (dated 2/7/04, three pages)

          B. Copies of five photographs of the defendant taken by the Springfield Police Department on May 25, 2004

          C. Abuse Prevention Order Docket No. 04-RO-124 obtained by Defendant Jarvis against Matthew Moore (application filed 2/8/04, five pages)

The government is aware of no further information or materials relating to this case of the type described in Local Rule 116.2(B)(1).

H.    Other Matters

    The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

    The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

    The government demands, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written notice of the defendant's intention to offer a defense of alibi. The time, date, and place at which the alleged offense was committed is set forth in the indictment in this case, a copy of which you previously have received.

    The government requests any documentation the defendant may offer to show that Matthew Moore was abusive to defendant Jarvis, or their children, including but not limited to any documentation in your possession from the Department of Social Services.

    The government requests discovery regarding expert witness examinations of the defendant and any expert witness testimony to be offered by the defendant pursuant to Fed. R. Crim. P. 16(b)(1)(A), 16(b)(1)(B), 16(b)(1)(C).

    Please call the undersigned Assistant U.S. Attorney at (413)785-0106 if you have any questions.

                              Very truly yours,

                              MICHAEL SULLIVAN
                              United States Attorney

                         By:  s/s Paul Hart Smyth
                              _____
                              Paul Hart Smyth
                              Assistant U.S. Attorney


cc: Assistant Clerk Bethany Healy;
Clerk to the Honorable Kenneth Neiman
(w/o enclosure(s))