# United States District Court
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ORDER OF DETENTION PENDING TRIAL |
| v. | |
| KRISTI JARVIS | CASE NUMBER: 04-30031-MAP |

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts are established by clear and convincing evidence and require the detention of the defendant pending trial.

### Part One - Findings of Fact

- ☐ (1) The defendant has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  - ☐ a crime of violence as defined in 18 U.S.C. §3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____ .[1]
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. §3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding 1.
- ☐ (4) Findings Nos. 1 and (2) (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____ .[2]
  - ☐ under 18 U.S.C. §924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings

- ☐ (1) _____
- ☐ (2) _____
- ☐ (3) There is a serious risk that the defendant will flee.
- ☐ (4) There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure or intimidate a prospective witness or juror).

### Part II - Written Statement of Reasons for Detention

I find credible testimony and information[3] submitted at the hearing establishes by clear and convincing evidence that Defendant appeared before the court this day for a show cause hearing with regard to a violation of her conditions of release. After hearing, the court finds that Defendant has violated her conditions of release by having contact with the victim in this matter. The court is obligated to protect the victim, even if the victim does not feel compelled to do so himself. Further, given the fact that this is not Defendant's first violation, the court finds that, at this time, there is no further condition, or combination of conditions, that it could add to her current release requirements that would reasonably assure the court that Defendant would not further violate her conditions of release. Defendant may come back with more information, or another set of proposed conditions for the court's consideration.

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of a attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Date:   11/01/04                              /s/ Kenneth P. Neiman

---

[1] Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*); or (c) Section 1 of Act of September 15, 1980 (21 U.S.C. §955(a).

[2] Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*); or (c) Section 1 of Act of September 15, 1980 (21 U.S.C. §955(a).

[3] "The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. §3142(f). See 18 U.S.C. §3142(g) for the factors to be taken into account.

KENNETH P. NEIMAN, U.S. Magistrate Judge